**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Eric R. Searles</u>

   v.                                               Civil No. 05-cv-184-PB

<u>State of New Hampshire, et al.</u>

**O R D E R**

Before the Court is the complaint of Eric Searles, an inmate at the Hillsborough County House of Corrections ("HCHC"), alleging that the defendants[1] have used excessive force against him, falsely incarcerated him, failed to protect him, stolen his possessions, obstructed justice, conspired to punish him, and slandered him.  Searles has filed suit pursuant to 42 U.S.C. § 1983, alleging that these actions constitute state action taken in violation of his constitutional rights.  Because Searles is a prisoner proceeding *pro se* and *in forma pauperis*, this matter is before me for preliminary review to determine, among other

---

[1]The individually named defendants: Nicholas Grandville, Vincent Williams, Richard Adams, Sydney Barnes, Chad Pincerio, Officer Gordon, and Officer Rosado, are all employees of the Hillsborough County Department of Corrections.  Searles also names the Hillsborough Department of Corrections and the State of New Hampshire as defendants.

things, whether or not Searles has stated a cause of action upon which relief might be granted.  See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2). To date, Searles has failed to allege facts that demonstrate that he has exhausted the claims raised in his complaint.  As discussed herein, I therefore direct Searles to amend his complaint to demonstrate exhaustion of his administrative remedies.

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court construes *pro se* pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following

Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

### Background

Searles alleges that on November 25, 2004, defendants Grandville, Williams, Adams, and Barnes participated in a severe beating of Searles in his cell at the HCHC which left him near death at the time of the assault and with injuries and pain that

3

persisted at the time this action was filed.  Searles also alleges that during 2004 he was injured in an altercation with another inmate that defendant Grandville failed to prevent. Searles states that defendant Adams obstructed justice by failing to follow up on Searles' complaint against Grandville and that, instead, Searles was wrongly punished for the incident by placement at the maximum security unit at the HCHC.  There, Searles alleges he was assaulted by an inmate because defendant Pincerio failed to properly supervise the unit.  Searles also claims that defendants Grandville, Adams, Barnes, Williams and Rosado slandered him by referring to him as a "skinner" -- a derogatory term for a sex offender -- although he was not incarcerated at the HCHC for a sex offense.

Searles further alleges that on June 2, 2005, he was again violently attacked by corrections officers at the HCHC.  Searles indicates in his petition that he wrote this complaint on June 2, 2005, the date of the attack.  Searles also alleges that on June 2, and in the week prior to that date, he was slandered and threatened by defendants Rosado and Gordon.  On September 1, 2005, Searles filed additional allegations of physical violence

by corrections officers as well as claims regarding his conditions of confinement and retaliation by the defendants.

## Background

Exhaustion of prison conditions claims is required by 42 U.S.C. § 1997e, which provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement applies to any complaints about prison life "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." See Porter v. Nussle, 534 U.S. 516, 532 (2002). As Searles filed this action on the same date as some of the actions he complains of, it seems doubtful that he would have had the time to fully exhaust the HCHC's grievance procedures prior to filing this action, as required by Porter. 534 U.S. at 524. However, as I cannot conclusively determine, based on the information provided, that he has not exhausted his claims, I will give Searles the opportunity to amend his complaint to demonstrate that prior to filing this action, he exhausted all of

5

his administrative grievance procedures for each of the claims presented in the complaint.

## Conclusion

Searles is directed to amend his complaint to demonstrate that he fully exhausted all of the administrative grievance procedures available to him prior to filing this action within ten days of the date of this Order.  If Searles fails to demonstrate exhaustion, I will recommend dismissal of this action without prejudice to refiling once the claims are exhausted.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    October 3, 2005

cc:      Eric R. Searles, *pro se*